RECEIVED
USDC. CLERK, CHARLESTON. SC
2009 JAN 21  A 10:50

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie S. Merriweather, #240382, | C. A. No. 2:08-3236-PMD-RSC |
| Petitioner, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Warden George Hangan, SCDC; State of South Carolina, | |
| Respondent. | |

This habeas corpus petition under 28 U.S.C. § 2254 brought by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondent's summary judgment motion filed on December 12, 2008.  28 U.S.C. § 636(b).

## PROCEDURAL HISTORY

The Petitioner, Willie S. Merriweather, is presently confined to Allendale Correctional Institution pursuant to Orders of Commitment from the Clerk of Court of Edgefield County. The Edgefield County Grand Jury at the March 2005 term indicted Petitioner for second degree burglary (05-GS-19-0110). (ROA. 35-36).

The Petitioner was represented at the trial level by James Huff, Esquire. Petitioner and the State negotiated a plea, in which, in return for Petitioner's plea to a nonviolent second

1

degree burglary charge, the State would drop a pending third degree burglary charge and a forgery charge, and would recommend a nine (9) year sentence. (ROA 3-6); 19-20). Accordingly, on October 17, 2005, Petitioner pled guilty before the Honorable Jackson V. Gregory to second degree burglary, and he received the full nine (9) year sentence. (ROA 33).

A notice of appeal was filed with the South Carolina Court of Appeals. Chief Attorney Joseph L. Savitz of the South Carolina Office of Appellate Defense was appointed to represent Petitioner in his direct appeal. On September 7, 2006, Savitz filed a "no merit" Final Anders Brief of Appellant and Petition to be relieved as Counsel, which he raised the following issue on behalf of Petitioner:

> The judge erred by advising Merriweather that he had "a right to appeal the guilty plea and sentence of the court," because this advise rendered the plea conditional and, thus, invalid in South Carolina.

Petitioner filed his own pro se brief dated September 18, 2006. On January 11, 2008, the South Carolina Court of Appeals issued an opinion in which it dismissed the appeal after Anders review. State v. Merriweather, 2008-UP-035 (S.C. Ct. App. 2008). The Remittitur was issued on January 31, 2008.

During the appeal, Petitioner filed with the South Carolina Court of Appeals and South Carolina Supreme Court other numerous pro se motions. On January 29, 2008, the South Carolina Supreme

2

Court denied certiorari to review of the Court of Appeals decision since Petitioner did not file a motion for rehearing in the Court of Appeals as required by rule. On February 5, 2008, the South Carolina Supreme Court denied Petitioner's pro se motion for reinstatement. On April 16, 2008, the South Carolina Supreme Court issued an order denying a long list of pro se motions, again noting that the Remittitur had issued in the case. On May 5, 2008, the Clerk of the South Carolina Supreme Court sent Petitioner a letter noting that his latest filing would not be accepted and indeed no further filings would be accepted in the case.

Also during the appeal Petitioner filed a petition for a writ of habeas corpus in this court which was dismissed by the Honorable Patrick Michael Duffy without prejudice for failure to exhaust state remedies. (2:07-cv-00228-PMD) The Fourth Circuit Court of Appeals dismissed Petitioner's appeal and entered judgment on August 20, 2008.

Meanwhile, Petitioner filed a pro se Application for Post-Conviction Relief (PCR) on January 24, 2008, (08-CP-19-0029), in which he raised the following issues:

>    1.   Lawyer - Ineffective Assistance of Counseloring (sic) of 6th Amendment violation of Deficient Performance, Denied Speedy trials (sic).
>
>    2.   Subject matter Jurisdiction by State Solicitor.

3

      3.    Deprivation of Brady Motion Materials and his Fingerprints Analysis test 5th Amendment, 8th Amendment (sic).

The State filed a Return on March 5, 2008. The court reporter completed the transcript, and it was provided to Petitioner's PCR counsel, Marsha Banks, by facsimile on August 26, 2008. The case is presently pending.

Attached herewith and incorporated herein by reference are the following documents:

1. Record on Appeal: Index; Guilty Plea Transcript; Indictment, Certificate of Appellant;
2. October 17, 2005 Indictment Sheet;
3. September 17, 2006 Final <u>Anders</u> Brief of Appellant;
4. January 11, 2008 Unpublished Opinion;
5. January 24, 2008 Application for Post-Conviction Relief;
6. January 29, 2008 Order (dismissing Notice of Appeal;
7. January 31, 2008 Remittitur;
8. February 5, 2008 Order (denying Motion to Reinstate);
9. March 5, 2008 PCR Return;
10. April 16, 2008 Order (denying Petitioner's Motions);
11. May 5, 2008 Letter from Supreme Court of South Carolina Clerk of Court;
12. August 26, 2008 Facsimile Cover Letter.

**GROUNDS FOR RELIEF**

In his pro se Petition for Writ of Habeas Corpus, Petitioner makes the following allegation of error in the state court:

> Ground One: Denied Discovery Rule 5 Brady Motions By State Solicitor, trial counselor didn't object to Judge on Release me.
>
> (a)  Their was no State Victim Statement Against Me or Insufficient Evidence to Bring Appellant in the Court house on 10-17-05 by Edgefield County Investigator Phil Ireland, Breach of Trust by trial counselor and Conspiracy with the Solicitor and Judge of the Petty Juror Trial Without any Probable Cause to trial me on Burglary 2nd Degree under $200.00 worth of Items was a a petty charge no adjudication by that Judge or Solicitor. (sic).
>
> Ground Two:  Denied of Rule 5 Discovery Materials and Jury trial, No Subject Matter Jurisdiction.
>
> (a) Honorable Jean Toal Order Me to File an Writ of Habeas Corpus in the lower court of my pending Post Conviction Relief To Be Released From Confinement, I Need An Compel Order by Federal to Lower 11th (?)  Circuit Court.

On November 7, 2008, the petitioner filed a motion for summary judgment and on December 12, 2008, the respondents filed a motion for summary judgment.  On December 15, 2008, Petitioner was provided a copy of the respondents' motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).  On January 12, 2009, the petitioner filed a response in opposition to the respondents'

5

motion. Hence, it appears consideration of the motions is appropriate.

## APPLICABLE LAW

### THE HABEAS CORPUS EXHAUSTION REQUIREMENT

Relief under Section 2254 may be had only after a habeas petitioner has exhausted his state court remedies: "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas corpus. Claims not so raised are considered defaulted." Breard v. Green, 523 U.S. 371, 375, 118 S.Ct. 1352 (1998), citing Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497 (1977); see also, 28 U.S.C. § 2254(b). The theory of exhaustion is based on 28 U.S.C. § 2254, which gives the federal court jurisdiction of habeas petitions. See generally, O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, (1999). The court's exhaustion requirements under § 2254 are explained in Matthews v. Evatt, 105 F.3d 907, 910-911 (4th Cir.), cert. denied, 522 U.S. 833, 118 S.Ct. 102 (1997). In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been properly presented to the

6

highest state courts with jurisdiction to decide them. The burden of proving that a claim has been exhausted lies with the petitioner. The exhaustion requirement, though not jurisdictional, is strictly enforced. (Citations omitted).

In order to exhaust his collateral claims in state court, a South Carolina habeas corpus petitioner must pursue a direct appeal and/or file an application for relief under the South Carolina Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 - 160. As the South Carolina Supreme Court has explained: "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies." <u>In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases</u>, 321 S.C. 563, 564, 471 S.E.2d 454, 454 (1990).

### DISCUSSION

A review of the record and relevant case law reveals that this petition should be dismissed without prejudice.

The instant petition is in the same procedural position as the petitioner's first futile attempt to obtain habeas corpus relief in C/A 2:07-288 PMD. His PCR is pending in state court and he simply cannot proceed in the instant petition until the PCR is ruled upon and a petition for a writ of certiorari considered by the South Carolina Supreme Court. <u>See</u>, 28 U.S.C. §

2254(b); Picard v. Connor, 404 U.S. 270 (1971).

Since Petitioner has a viable state court remedy which has not been fully utilized, the court should not keep this case on its docket while he is exhausting his state court remedies. See, e.g., Galloway v. Stephenson, 510 F.Supp. 840, 846 (M.D.N.C. 1981).

## CONCLUSION

Accordingly, for the aforementioned reason, it is recommended that the respondent's motion be granted, the petition be dismissed without prejudice for failure to exhaust state court remedies, and all other motions be denied as moot.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

January 21, 2009

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).