**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Willie S. Merriweather, # 240382,<br><br>     Petitioner,<br><br>v.<br><br>Warden George Hagin, SCDC;<br>State of South Carolina;<br><br>     Respondent.<br>_____ | C.A. No.: 2:08-3236-PMD-RSC<br><br>**ORDER** |

  This matter is before the Court upon Petitioner Willie S. Merriweather's ("Petitioner") Objections to a United States Magistrate Judge's Report and Recommendation ("R&R") that his section 2254 petition be dismissed without prejudice for failure to exhaust state remedies. Having reviewed the entire record, including Petitioner's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## **BACKGROUND**

  Petitioner is presently confined to Allendale Correctional Institution pursuant to Orders of Commitment from the Edgefield County Clerk of Court. The Edgefield County Grand Jury at the March 2005 term indicted Petitioner for second degree burglary. Petitioner was represented at the trial level by James Huff, Esquire, and he negotiated a plea with the State in which, in return for Petitioner's plea to a nonviolent second degree burglary charge, the State would drop a pending third degree burglary charge and a forgery charge, and would recommend a nine-year sentence. Accordingly, on October 17, 2005, Petitioner pled guilty to second degree burglary and received a nine-year sentence.

A notice of appeal was filed with the South Carolina Court of Appeals. Chief Attorney Joseph L. Savitz of the South Carolina Office of Appellate Defense was appointed to represent Petitioner in his direct appeal. On September 7, 2006, Savitz filed a "no merit" Final *Anders* Brief of Appellant and petitioned to be relieved as counsel. He raised the following issue on behalf of Petitioner in the *Anders* brief:

> The judge erred by advising Merriweather that he had 'a right to appeal the guilty plea and sentence of the court,' because this advi[c]e rendered the plea conditional and, thus, invalid in South Carolina.

Petitioner filed his own *pro se* brief dated September 18, 2006. On January 11, 2008, the South Carolina Court of Appeals issued an opinion in which it dismissed the appeal. *State v. Merriweather*, 2008-UP-035 (S.C. Ct. App. 2008). The Remittitur was issued on January 31, 2008.

During the appeal Petitioner filed with the South Carolina Court of Appeals and the South Carolina Supreme Court numerous other *pro se* motions. On January 29, 2008, the South Carolina Supreme Court denied certiorari to review of the Court of Appeals decision since Petitioner did not file a motion for rehearing in the Court of Appeals as required by the rule. On February 5, 2008, the South Carolina Supreme Court denied Petitioner's *pro se* motion for reinstatement. On April 16, 2008, the South Carolina Supreme Court issued an order denying a long list of *pro se* motions, again noting that the Remittitur had issued in the case. On May 5, 2008, the Clerk of the South Carolina Supreme Court sent Petitioner a letter noting that his latest filing would not be accepted and indeed no further filings would be accepted in the case.

Also during the appeal, Petitioner filed a petition for a writ of habeas corpus in this Court which was dismissed without prejudice for failure to exhaust state remedies. (2:07-cv-00228-PMD). The Fourth Circuit Court of Appeals dismissed Petitioner's appeal and entered judgment on August

2

20, 2008. Meanwhile, Petitioner filed a *pro se* Application for Post-Conviction Relief (PCR) on January 24, 2008, (08-CP-19-0029), in which he raised the following issues:

1. Lawyer- Ineffective Assistance of Counseloring [sic] of 6th Amendment violation of Deficient Performance, Denied Speedy trials [sic].

2. Subject matter Jurisdiction by State Solicitor.

3. Deprivation of Brady Motion Materials and his Fingerprints Analysis test 5th Amendment, 8th Amendment [sic].

The State filed a Return on March 5, 2008. The court reporter completed the transcript, and it was provided to Petitioner's PCR counsel, Marsha Banks, by facsimile on August 26, 2008. The case is presently pending.

Petitioner filed the present habeas corpus petition on September 19, 2008 alleging:

Ground One: Denied Discovery Rule 5 Brady Motions by State Solicitor, trial counselor didn't object to Judge on Release me.

> (a) Their was no State Victim Statement Against Me or Insufficient Evidence to Bring Appellant in the Court house on 10-17-05 by Edgefield County Investigator Phil Ireland, Breach of Trust by trial counselor and Conspiracy with the Solicitor and Judge of the Petty Juror Trial Without any Probable Cause to trial me on Burglary 2nd Degree under $200.00 worth of Items was a petty charge no adjudication by the Judge or Solicitor.

Ground Two: Denied of Rule 5 Discovery Materials and Jury trial, No Subject Matter Jurisdiction.

> (a) Honorable Jean Toal Order me to File an Writ of Habeas Corpus in the lower court of my Pending Post Conviction Relief To Be Released From Confinement, I Need An Compel Order by Federal to Lower 11th (?) Circuit Court.

On November 7, 2008, Petitioner filed a Motion for Summary Judgment and on December 12, 2008, Respondents also filed a Motion for Summary Judgment. The Magistrate Judge recommended that the court dismiss Petitioner's Petition without prejudice for failure to exhaust

state administrative remedies. Petitioner filed Objections to the R&R on February 3, 2009.

## STANDARD OF REVIEW

**A.    Magistrate Judge's R&R**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**B.    Legal Standard for Summary Judgment**

To grant a motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(c). The Court is not to weigh the evidence but rather to determine if there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

## DISCUSSION

Although Petitioner has filed Objections to the Magistrate Judge's R&R, his objections ultimately have no bearing on the conclusions contained therein. Specifically, Petitioner fails to set forth any objections contesting the lack of exhaustion of his claims, which was the basis of the Magistrate Judge's decision to dismiss the petition without prejudice.

"In order for a state prisoner to pursue a habeas corpus petition in federal court, the petitioner must first have exhausted his available state court remedies." *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994) (citing 28 U.S.C. § 2254 (b)–(c)). Section 2254(b) provides, in relevant part,

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> 
> > (A) the applicant has exhausted the remedies available in the courts of the State[.]

28 U.S.C. § 2254(b)(1). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The United States Court of Appeals for the Fourth Circuit, in *Matthews v. Evatt*, 105 F3d. 907 (4th Cir. 1997), found that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts." In *Matthews*, the court further instructs that "to satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner." *Id.* at 910–11 (citations omitted).

In this matter, Petitioner noted in his Petition that his application for post-conviction relief, which alleges essentially the same claims that he is now raising in his § 2254 Petition before this Court, is still pending in state court. (Petition at 4.) Since his Petition is still pending, Petitioner simply cannot proceed with the instant petition until his application for post-conviction relief is ruled upon and a petition for a writ of certiorari is considered by the South Carolina Supreme Court. *See*, 28 U.S.C. §2254(b); *Picard v. Connor*, 404 U.S. 270 (1971). Petitioner has a viable state court remedy which must be pursued before this matter is properly before this Court. The United States District Court for the District of South Carolina should not keep this case on its docket while Petitioner finishes exhausting his state remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

## **CONCLUSION**

It is therefore **ORDERED**, for the foregoing reasons, that Respondents' Motion for Summary Judgment is **GRANTED** and that Petitioner Willie S. Merriweather's section 2254 Petition is **DISMISSED**, without prejudice to his right to seek habeas corpus relief after the exhaustion of his state remedies**.** It is further **ORDERED** that all other motions in this matter are rendered **MOOT**.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**June 30, 2009**
**Charleston, South Carolina**